# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EVA WILSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> IMPERIAL TRADING CO., LLC., d/b/a ) <br> IMPERIAL SUPER REGIONAL DISTRIBUTOR ) <br> Serve Registered Agent: ) <br>    CT CORPORATION SYSTEM ) <br>    120 So. Central Avenue ) <br>    Clayton, Missouri  63105 ) <br> ) <br> Defendant. ) | Case No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Eva Wilson, by and through her undersigned attorney, and in support of her claims against Defendant Imperial Trading Co., LLC d/b/a Imperial Super Regional Distributor, states and alleges as follows.

## STATEMENT OF THE CASE

1. Plaintiff alleges herein that, during her employment with Defendant Imperial Trading Co., LLC d/b/a Imperial Super Regional Distributor ("Imperial"), the Defendant violated her rights under the Family and Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2601, *et seq*. Plaintiff further alleges against Defendant claims for Negligent Hiring, Supervision, and Training, and Negligence Per Se for their handling of Plaintiff's leave matter.

2. Plaintiff seeks compensatory damages, liquidated damages, punitive damages, lost wages, general emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and any other remedy this Court determines to be fair, proper, and equitable.

## PARTIES

3. Plaintiff is, and at all relevant times was, a resident of Gower, Missouri.

4. Defendant Imperial Trading Co., LLC, is and at all relevant times was a foreign limited liability company formed under the laws of Louisiana, authorized to do business and doing business in the State of Missouri, and having a registered agent at 120 So. Central Avenue in Clayton, Missouri.

5. Upon information and belief, Imperial Super Regional Distributor is, and at all relevant times was, a fictitious entity owned and operated by Imperial Trading Co., LLC.

6. At all relevant times, Defendant Imperial Trading Co., LLC, operated Imperial Super Regional Distributor by virtue of employing Plaintiff from her home located in Gower, Missouri.

7. At all relevant times, Defendant Imperial Trading Co., LLC, conducted business in the state of Missouri by employing Plaintiff from her home in Gower, Missouri.

8. At all relevant times, all references to the Defendant herein shall include any predecessor or parent or division or subsidiary for whose acts and omissions the named Defendant is liable.

9. All the actions and omissions described herein were accomplished by Defendant itself or by its agents, employees, or servants, including those servants named herein, all within the course and scope of their relationship with Defendant.

10. All acts or failures to act attributed to Defendant herein are acts or failures to act by employees, servants, or agents of Defendant, acting within the course and scope of its said employment or agency and/or the said actions were expressly authorized and/or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondeat superior.

11. At all relevant times, all individuals mentioned herein were employed by Defendant and were acting within the scope of their employment and/or on behalf of Defendant, and/or their conduct was approved, encouraged, and/or ratified by Defendant, thereby making Defendant responsible for the above-mentioned conduct under a theory of respondeat superior.

## JURSIDICTION AND VENUE

12. The jurisdiction of this Court in invoked under the FMLA, 29 U.S.C. § 2601, *et seq.,* more specifically 29 U.S.C. § 2617(a)(2). Additionally, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as this cause of action arises under statutes of the United States.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, occurrences, and omissions that give rise to this cause of action occurred in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) and (c)(1) because Defendant employed Plaintiff in this district and, thus, operates and conducts its regular business in this district, and therefore is subject to personal jurisdiction within this judicial district.

## ALLEGATIONS OF FACT

14. Plaintiff became employed by and began working for Defendant with in or around June 2015, as Imperial Super Regional Distributor account manager/sales representative for the Missouri and Kansas sales territory.

15. Upon hire, Plaintiff was provided training in the state of Missouri for her position with Defendant.

16. At all times relevant to this Complaint, Plaintiff was an employee of Defendant and performed her work for Defendant from her home in Gower, Missouri.

17. Upon information and belief, Plaintiff was a valued and accomplished employee for Defendant.

18. From the time of her hire until her termination from employment with Defendant, in Plaintiff's role as account manager/sales representative Plaintiff was never advised that she was required to travel overnight for work.

19. Defendant offered FMLA leave to all employees.

20. Defendant offered FMLA leave to Plaintiff.

21. On or about February 24, 2017, Plaintiff requested to take FMLA leave to care for her mother, who had a serious health condition.

22. Plaintiff's FMLA leave began on February 27, 2017.

23. Upon Plaintiff's request, Plaintiff was granted FMLA leave by Defendant, with her FMLA leave to begin, and it did begin, on February 27, 2017.

24. Plaintiff's anticipated return date following FMLA leave was May 15, 2017.

25. On or about May 1, 2017, Plaintiff began calling and emailing her superiors to advise she would be returning to work on May 15, 2017, and inquiring about her accounts. She received no response to her said emails or phone calls.

26. On or about May 10, 2017, Plaintiff was advised by Cheryl Analla that she was being terminated for having exhausted her FMLA leave, and that if she wanted to return, her position now required her to travel overnight to perform her job responsibilities. Plaintiff explained that she had not exhausted her leave and was scheduled to return on May 15, 2017, and further, that overnight travel was never part of her position or job responsibilities when hired or before taking FMLA leave.

27. At all relevant times, Plaintiff complied with all of Defendant's proper policies and procedures for using or taking FMLA leave.

28. At all times, Plaintiff appropriately communicated with Defendant about her FMLA approved leave and anticipated return therefrom.

29. Upon information and belief, Plaintiff had not exhausted her FMLA leave period as of the date she was terminated, on May 10, 2017.

30. Upon information and belief, the new overnight travel requirement invented by Defendant was specific to Plaintiff, and was not part of Plaintiff's job responsibilities. Moreover, this new policy had no practical or business justification, and was intended solely to make it more difficult for Plaintiff to properly utilize her FMLA leave time and/or to return from using her FMLA leave.

31. At all relevant times, Plaintiff has complied with, or attempted to comply with, all of Defendant's reasonable and appropriate requests in an effort to be returned to work.

32. Plaintiff was terminated from her position and not permitted by Defendant to return to work following her authorized FMLA leave.

33. Defendant inappropriately and unjustifiably continues to prohibit Plaintiff from returning to work.

### COUNT I
### VIOLATION OF FMLA
### 29 U.S.C. § 2601, *et seq*.

34. Plaintiff incorporates all the preceding paragraphs and allegations by reference as though fully set forth herein.

35. Plaintiff was employed by Defendant.

36. Defendant is a covered employer as defined by 29 U.S.C. § 2601 *et seq.* and 29 U.S.C. § 2611(4)(A), as it is private sector employer, engaged in commerce, and employs 50 or more employees.

37. Plaintiff worked for the Defendant for at least 12 months.

38. Plaintiff worked for Defendant from her home and reported to Defendant at a location where 50 or more employees of Defendant worked within 75 miles.

39. Plaintiff was employed by Defendant and worked more than 1250 hours in the 12 months prior to her request for FMLA leave.

40. As an employee of Defendant, Plaintiff was eligible for FMLA leave, as defined by 29 U.S.C. § 2601, *et seq*., and 29 U.S.C. § 2611(2)(A)-(B).

6

41. In the year 2017, Plaintiff's mother suffered from a serious medical condition that required continuing treatment by health care providers.

42. Defendant was aware of Plaintiff's mother's serious medical condition.

43. As a result of Plaintiff's mother's condition, it was necessary for Plaintiff to provide full-time in-home care, transportation, and comfort to her mother at all relevant times.

44. Under the FMLA, Plaintiff was entitled to take FMLA leave to accommodate for her mother's needs.

45. In the 12 months preceding her termination, Plaintiff did not exceed 12 work weeks of FMLA leave.

46. An eligible employee who takes FMLA leave is protected from retaliation or other harassing or discriminatory treatment.

47. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

48. Plaintiff's termination from Defendant's employ was a consequence of her attempt to exercise her rights under the FMLA.

49. Defendant lacked good faith in its treatment of Plaintiff for exercising her rights under the FMLA.

50. Defendant was not entitled to terminate Plaintiff for exercising her rights under the FMLA, or to require Plaintiff's return to employment to be subject to different conditions than those existing prior to her exercising her FMLA rights and, thus, the Defendant's said conduct was improper and in violation of the FMLA.

51. Defendant deprived, interfered with, restrained, and/or denied Plaintiff of her rights under the FMLA, and/or Defendant retaliated against Plaintiff, by terminating Plaintiff from her position in response to her use of and/or request for FMLA leave.

52. The treatment of Plaintiff by Defendant under the circumstances set out herein is and was prohibited by the FMLA.

53. Defendant's actions against and treatment of Plaintiff were those which a reasonable employee would have found materially adverse.

54. The FMLA makes it unlawful for an employee's use of FMLA leave to result in the loss of any employment benefit which accrued prior to the start of the employee's FMLA leave.

55. The Family and Medical Leave Act prohibits employers from discriminating against employees for exercising their rights under the Act. 29 U.S.C. §§ 2612, 2615(a)(2) (2000).

56. Specifically, Defendant retaliated against Plaintiff for taking FMLA leave by refusing to return Plaintiff to her position and by terminating Plaintiff's employment without cause.

57. Defendant discriminated against Plaintiff and retaliated against her for exercising her rights under the FMLA.

58. A causal connection exists between Plaintiff's protected FMLA activity and the adverse employment actions taken by Defendant.

59. The reasons given by Defendant for the misconduct toward Plaintiff and her termination were pretext to cover up their unlawful and retaliatory motives.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I of this Complaint, as follows:

    A.    Award Plaintiff damages in an amount equal to any wages, salary, employment benefits, and other compensation and/or benefits denied or lost to Plaintiff by reason of the violation of the FMLA, and interest on the same amounts;

    B.    Award Plaintiff liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff and the interest on that amount;

    C.    Award Plaintiff such equitable relief as may be appropriate, including employment and promotion;

    D.    Award Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action; and

    E.    Award such other and further relief as to the court deems just and equitable.

## COUNT II
## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

60. Plaintiff incorporates all the preceding paragraphs and allegations by reference as though fully set forth herein.

61. Defendant owed a legal duty to the Plaintiff to use ordinary care in hiring, training, supervising, and retaining its agents and employees, specifically Cheryl Analla and Eric Todd, and each of them, so as to protect the Plaintiff and others against any unreasonable risks of harm while said employees were acting within the course and scope of their employment with Defendant.

62. Defendant breached said duty in failing to reasonably hire, train, supervise, and retain its agents and employees, specifically Cheryl Analla, Eric Todd, and each of them regarding the handling of employee requests for FMLA leave or use of FMLA leave.

63. Defendant knew or should have known that its conduct, and that of its employees, in the handling of these matters involving the Plaintiff, all as set forth herein, involved an unreasonable risk of causing the Plaintiff damage, including, *inter alia,* lost wages and benefits, and garden variety emotional distress.

64. As a direct result of the actions and omissions of Defendant, through its agents and employees, the Plaintiff has been damaged as set forth herein.

65. The actions, conduct, and omissions of the Defendant, through its agents and employees, were committed with complete indifference to or in conscious disregard for the safety and well-being of the Plaintiff, and by virtue of the attitude and conduct of the Defendant, the Plaintiff is entitled to exemplary or punitive damages in an amount that will properly punish the Defendant and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II of this complaint, for an award of compensatory and punitive damages, for pre-and post-judgment interest and costs expended, and for other and further relief as the Court deems necessary in the interests of justice.

## COUNT III
## NEGLIGENCE PER SE

66. Plaintiff incorporates all the preceding paragraphs and allegations by reference as though fully set forth herein.

67. At all relevant times, Defendant was obligated under the law or otherwise agreed to operate in compliance with federal and state statutes, acts, regulations, codes and standards, including but not limited to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

68. Defendant violated these statutes, acts, regulations, codes and standards in its dealings with Plaintiff, as alleged herein.

69. The Plaintiff is a member of the class of persons intended to be protected by these statutes, acts, regulations, codes and standards.

70. The injuries and damages incurred by the Plaintiff are of the type that these statutes, acts, regulations, codes and standards were designed to prevent.

71. The violation of the statutes, acts, regulations, codes, and standards was a proximate cause of the injuries and damages incurred by Plaintiff.

72. These statues, acts, regulations, codes, and standards allow for the private enforcement of same.

73. As a direct result of the actions and omissions of Defendant, through its agents and employees, the Plaintiff has been damaged as set forth herein.

74. The actions, conduct, and omissions of Defendant, through its agents and employees, were committed with complete indifference to or in conscious disregard for the safety and well-being of the Plaintiff, and by virtue of the attitude and conduct of Defendant,

the Plaintiff is entitled to exemplary or punitive damages in an amount that will properly punish Defendant and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III of this complaint, for an award of compensatory and punitive damages, for pre-and post-judgment interest and costs expended, and for other and further relief as the Court deems necessary in the interests of justice.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Missouri, as the place of trial.

By: */s/ Sophie Woodworth*
Sophie Woodworth, MO #49383
HOLMAN SCHIAVONE, L.L.C.
4600 Madison, Suite 810
Kansas City, MO 64112
816-283-8738   FAX: 816-283-8738
*swoodworth@hslawllc.com*
**ATTORNEY FOR PLAINTIFF**